### JOHN E. NORRIS *v.* ISAAC CROMIE.

[Abstract Kentucky Law Reporter, Vol. 5—936.]

**Mortgage of Wife's Estate.**
    There is nothing in the statutes forbidding the creation of a separate estate with the authority to mortgage it as well as to alienate it absolutely. Such a power may by the instrument creating the separate estate be lawfully annexed to the estate, and a married woman may be empowered with authority to mortgage although the statute does not allow her to do so without such power is given by the instrument under which she holds.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 1, 1884.

OPINION BY JUDGE HARGIS:

The deed from Clifton to his wife, executed on the 1st day of April, 1873, created a separate estate in the wife with power to alienate the land, "as often as she may choose to exercise the same to such uses as she may designate by joint deed with her husband," which, with other powers conferred by the deed upon her, would authorize her to mortgage the land, there being nothing in the statute forbidding the creation of a separate estate with the authority to mortgage as well as to alienate absolutely. Such a condition can, by the terms of the instrument creating separate estate, be lawfully annexed to the estate and a married woman may be empowered with authority to mortgage, although the statute does not allow her to do so without such power is given by the instrument under which she holds.

If, however, there be no doubt about the power under the deed of herself and husband to O'Neil conveying to him an absolute title, and the subsequent conveyance by him to them whereby she was invested with a general estate in the lands, it gave her and her husband the power to mortgage it to the appellee, Cromie, which they did before selling the lands to appellant, Norris, who had actual notice of the mortgage and agreed to discharge it as part of the consideration of his purchase. There is no fraud shown as to the deed to O'Neil or as to the deed from him to Clifton and wife. She would be estopped to do so now, were she to undertake to claim separate estate and dispute the validity of the mortgage, so far as Norris may be an innocent purchaser. As she and her husband, although parties, fail to assail the validity of appellant's title or the mortgage we can see no necessity for the alleged claim of the appellant over the supposed insufficiency of his title.

The judgment is *affirmed*.

*Russell & Helm, for appellant.*

*C. H. Gibson, for appellee.*